JOSEFINA COLOMBANI, ETC., Plaintiffs and Appellants, *v.* MUNICIPAL GOVERNMENT OF BAYAMÓN, MANUEL CRUZ DENIS, INSURANCE COMPANY OF PUERTO RICO, Defendants and Appellees.

No. R-69-263.    Decided October 1, 1971.

*Jaime Escanellas* for appellants. *Vicente Santori Coll* for appellees.

PER CURIAM: On May 14, 1965, a vehicle driven by plaintiff-appellant, Carlos J. Zayas, tried to come out of a carport of a private property toward the street. At that very moment an ambulance, property of codefendant, Municipality of Bayamón, was going along in front of that carport, in the left lane, while avoiding a truck which was parked in the right lane of that street which only has two lanes. When both vehicles met a collision occurred which gave rise to plaintiff's claim.

Plaintiff introduced as sole witness plaintiff himself. At the close of his testimony, defendant filed a motion to dismiss under Rule 39.2 of the Rules of Civil Procedure. The court granted it and rendered judgment dismissing the complaint. The trial court concluded that the accident was only due to the sudden apparition of plaintiff's automobile when it came out and intercepted the lane along which defendant's ambulance was traveling.

As sole error it is assigned that the trial court erred in the weighing of the evidence, especially considering that a motion to dismiss was involved.

■ In a motion to dismiss under Rule 39.2 of the Rules of Civil Procedure, at the conclusion of plaintiff's evidence, the court is authorized, at that stage of the proceedings, to evaluate the evidence presented and to weigh the facts according to the credibility it may have given to the evidence. *Irizarry* v. *W.R.A.*, 93 P.R.R. 404 (1966). But that power should be exercised after a serene and careful sifting of the evidence and in case of doubt, it is better to require the defendant to present his case. *Irizarry, supra* at p. 409.

In *Torres* v. *W.R.A.*, 96 P.R.R. 634 (1968), we distinguished the case of Irizarry in pointing out that in the latter plaintiff did not explain how the damage was produced nor proved defendant's negligence. The case at bar, like *Torres*, is distinguishable from the *Irizarry* case. In the case at bar plaintiff testified that the ambulance abandoned its right lane to avoid a parked truck and the accident occurred on the left lane. The existence of obstructions to visibility were not mentioned, for which reason, making an inference favorable to plaintiff the doubt arises as to whether the ambulance had taken the due precautions.

■ The evidence introduced reveals that the ambulance driver could have incurred some negligence, without plaintiff being obliged to exclude any other possible cause of the event and even less at that stage of the proceedings. As we said in *Torres, supra* at p. 647, the trial court should have taken into consideration the case of *Murcelo* v. *H. I. Hettinger & Co.*, 92 P.R.R. 398 (1965), where we stated that plaintiff does not have to prove his case with mathematical precision through direct evidence, neither conclusively, nor with evidence producing such perfect degree of conviction as not to admit the possibility of evidence to the contrary, since he can prove his case through indirect evidence.

■ The trial court erred in dismissing the complaint at that stage of the proceedings in concluding that plaintiff had been negligent since the evidence tended to establish that defendant could have been negligent in some degree. The doubt which arises from plaintiff's testimony requires that defendant present his case, which shall give the trial court a more complete picture of the facts involved.[1]

The judgment of September 22, 1969 is reversed and the record remanded for further proceedings.

---

[1] For an interesting study about the matter, see Roscoe Steffen, *The Prima Facie Case in Non-Jury Trials*, 27 U. Chi. L. Rev. 94 (1959).

Mr. Chief Justice Negrón Fernández did not participate herein.